

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Linton S. Savage
County Attorney
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. O-2521
Re: Ownership of land by a
corporation a majority
of whose capital stock
is owned by aliens. --
Report of alien owner-
ship of land.

We have your letter of July 3rd submitting to
us five questions relating to the rights and obligations
of a certain Delaware Corporation, owning real property
in your county, a majority of whose capital stock is
owned by alien stockholders.

Ownership of real estate in Texas by aliens
is regulated by Title 5, Articles 166-176, Revised Civil
Statutes of Texas, 1925, which we quote in full.

Article 166. "No alien or alien corpor-
ation shall acquire any interest, right or
title either legal or equitable in or to any
lands in the State of Texas, except as herein-
after provided."

Article 167. "This title shall not apply
to any land now owned in this State by aliens,

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

not acquired in violation of any laws of this State, so long as it is held by the present owners; nor to lots or parcels of land owned by aliens in any incorporated town or city of this State, nor the following classes of aliens, who are, or who shall become bona fide inhabitants of this State, so long as they shall continue to be bona fide inhabitants of this State:

"1.   Aliens who were bona fide inhabitants of this State on the date on which this Act becomes a law.

"2.   Aliens eligible to citizenship in the United States who shall become bona fide inhabitants of this State, and who shall, in conformity with the naturalization laws of the United States, have declared their intention to become citizens of the United States.

"3.   Aliens who are natural born citizens of nations which have a common land boundary with the United States.

"4.   Aliens who are citizens or subjects of a nation which now permits citizens of this State to own land in fee in such country."

Article 168.   "Any resident alien who shall acquire land under any provision of the preceding article shall have five years after he shall cease to be a bona fide inhabitant of this State in which to alienate said land."

Article 169.   "The provisions of this title shall not prevent aliens or alien corporations from lending mohey secured by lien upon real estate or any interest therein, nor from enforcing any such lien, nor from acquiring and holding title to such real estate or any interest therein when sold for the purpose of enforcing such lien, or for enforcing the collection of a debt."

Article 170.   "All aliens and all alien corporations who are prohibited from owning land in this State under the provisions of this title, who shall thereafter acquire real estate in Texas by devise, descent, or by purchase as permitted by this title,

may hold same for five years, and if such alien is a minor, he may hold same for five years after attaining his majority, or if of unsound mind for five years after the appointment of a legal guardian."

Article 171. "Any alien who shall hereafter acquire lands in Texas, in contravention of the provisions of this title, may, nevertheless, convey the fee simple title thereof at any time before the institution of escheat proceedings as hereinafter provided. If any such conveyance shall be made by such alien either to an alien or to a citizen of the United States, in trust, and for the purpose and with the intention of evading the provisions of this title, such conveyance shall be null and void; and any such land so conveyed shall be forfeited and escheated to the State."

Article 172. "The Attorney General or the district or county attorney when he shall be informed or have reason to believe that lands in this State are being held contrary to the provisions of this title shall institute suit in behalf of the State of Texas praying for the escheat of the same on behalf of the State."

Article 173. "No alien shall ever be appointed or permitted to qualify as guardian of the estate of any minor or person of unsound mind, or as executor or administrator of the estate of any descendent (decedent) in the State, unless he is permitted to own land under the provisions of this title."

Article 174. "No corporation in which the majority of the capital stock is legally or equitably owned by aliens prohibited by law from owning land in Texas shall acquire title to or own any lands in Texas or any leasehold or other interest in such lands except as hereinafter provided and land so owned shall be subject to escheat as though owned by a non-resident alien."

Article 175. "Land owned in trust, either by an alien or by a citizen of the United States, for the beneficial use of any alien or aliens, or any corporation prohibited from owning land in this State under the provisions of this title, shall be subject to escheat as though the legal title thereto was in such alien or corporation."

Honorable Linton S. Savage, Page 4

Article 176. "All alien (s) and all alien corporations now owning lands in this State shall on or before the last day of January 1926 file a written report under oath, with the clerk of the county court of the county in which such land is located, giving the name, age, occupation, personal description, place of birth, last foreign residence and allegiance, the date and place of arrival of said alien in the United States, and his or her present residence and post-office address, and the length of time of residence in Texas, the foreign prince, potentate, State or sovereignty, of which the alien may at the time be a citizen or subject, and the number of acres of land owned by such alien in such county, the name and number of the survey, the abstract and certificate number, the name of the person or persons, from whom acquired, and shall either describe said land by metes and bounds, or refer to records in which same is so described, which report shall be known as 'REPORT OF ALIEN OWNERSHIP.' All aliens and all alien corporations hereafter purchasing, or in any manner acquiring lands located in Texas shall within six months after such purchase, or acquisition, file with the county clerk of the county in which such land is located, a 'Report of Alien Ownership,' in terms as above required. Any alien or alien corporation who may now own land in Texas, or who may hereafter acquire any land in Texas, by purchase or otherwise, who does not within the time prescribed in this article, file the reports herein provided for, shall be subject to have such land forfeited and escheated to the State of Texas. The reports herein required shall, when the alien is a minor or insane person, be filed by the parent or guardian of such alien. The county clerk of each county shall file and record the reports above provided for in a separate volume, to be entitled 'RECORD OF ALIEN OWNED LANDS' for said county. The recording of such reports shall be paid by the alien owner."

The above quoted articles of the 1925 codification embody with only minor changes the provisions of S. B. No. 142, Ch. 134, Acts of the Regular Session of the 37th Legislature,

Honorable Linton S. Savage, Page 5

1921, which act was in turn an amendment of Title 3 of the 1911 Codification.

These statutes, and particularly Article 176 requiring report and record of ownership of land by aliens, have been considered in three conference opinions of this Department. Opinion No. 2466, Book 58, p. 352, dated December 2, 1922, appearing at page 513 of the Bi-ennial Report of the Attorney General for 1922-1924, held that land belonging to aliens exempted by what is now Article 167 were not required to be reported and registered under the provisions of what is now Article 176. This ruling was reversed by opinion No. 2687, Book 62, page 78, dated February 19, 1927, reported at page 402 of the Attorney General's Report for 1926-1928, wherein it was held that "all aliens owning lands in this State, whether they come within the exception noted in Article 167 or not, including corporations of the kind just referred to, are required by the terms of Article 176 to file written reports under oath with the clerk of the county court of the county in which such land is located in the terms and under the conditions stated by law." This latter opinion was expressly approved and followed by conference opinion No. 2990, dated July 6, 1936, reported at page 161 of the Attorney General's Report for 1934-1936. We have given careful study to these opinions and believe that the reasoning and conclusions of the last two opinions are correct.

We shall now consider the five specific questions which you have asked.

"1. What is an 'alien' corporation within the meaning of Article 166, V.A.S.? Does it mean a corporation incorporated under a foreign law or government or does the term also include a corporation as contemplated in Article 174?"

This precise question was considered in opinion No. 2687, supra, from which we quoted

"Your inquiry does not extend to the interpretation of the terms 'all alien corporations' in Article 176, but it is in a manner here incidentally involved. We believe that those terms, as well as similar terms used in Article 166, are not intended

Honorable Linton S. Savage, Page 6

to apply to corporations organized in foreign
countries owning lands in this State, but rather
to the character of alien corporation defined in
Article 174, that is, corporations whether domestic
or foreign, in which the majority of the capital
stock is legally or equitably owned by aliens pro-
hibited by law from owning land in Texas.  If there
were any doubt about this upon the face of the 1925
codification resort to the act itself would clear the
doubt inasmuch as the expression 'alien corporations'
is then found to be an interpolation of the codifiers,
justified only by the terms of Article 174."

        We believe the above correctly answers your first
question.

        "2.  Article 174 provides that 'no corporation
in which the majority of the capital stock is legally
or equitably owned by aliens prohibited by law from
owning land in Texas . . .'.  If the majority of the
capital stock is owned by aliens not prohibited from
owning land in Texas under Article 167, must the cor-
poration comply with the provisions of Article 176?"

        Since Opinion No. 2667, supra, holds that all aliens
must report land owned by them irrespective of whether or not
they fall within any of the exemptions of Article 167, and
since said opinion holds that a corporation, a majority of whose
stock is owned by aliens, is an "alien corporation" within the
meaning of title 5, it follows that the corporation referred
to in your letter must report land owned by it in compliance
with Article 176.

        "3. 'Article 167(4) provides 'Aliens who are citi-
zens or subjects of a nation which now permits citi-
zens of this state to own land in fee in such country.'
Does this provision refer to the year 1854 when the
statute was passed, or to the date of acquisition of
the land by the corporation?"

        In view of our answer to your first two questions,
your third question becomes immaterial, since the corporation
is required to make report of its land in any event.

        "4.  Assuming it is necessary for the instant
corporation to file a report of alien ownership as

provided for in Article 176, would a report filed more than six months after the date of the acquisition of the land prevent escheat by the State?"

Article 176 provides in part:

"All aliens and all alien corporations hereafter purchasing, or in any manner acquiring lands located in Texas, shall, within six months after such purchase or acquisition, file with the county clerk of the county in which such land is located, a 'Report of Alien Ownership' in terms as above required. Any alien or alien corporation who may now own land in Texas, or who may hereafter acquire any land in Texas, by purchase or otherwise, who does not within the time prescribed in this article, file the reports herein provided for, shall be subject to have such land forfeited and escheated to the State of Texas." (Emphasis ours.)

It is the manifest intention of the Legislature by the foregoing language to subject to the penalty of escheat any alien or alien corporation who does not file a report of alien ownership of land within six months of acquisition.

"5. Assuming that the instant corporation must execute a report of alien ownership, what should be the general form and requisites of said report?"

The form and requisites of the report of alien ownership are set out in detail in the first part of Article 176, quoted above.

We shall appreciate your giving us the name and full particulars of the corporation to which you refer, so that we may determine what action this Department may be required to take in discharge of the duty imposed by Article 172.

Yours very truly

APPROVED JUL 22, 1940

ATTORNEY GENERAL OF TEXAS

ASSISTANT
ATTORNEY GENERAL

By Walter R. Koch
Walter R. Koch
Assistant

WRK:BBB

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN